DA 13-0256

FILED

January 27 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0256

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 24N

_____

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

EDWIN ALLEN SHEARER,

       Defendant and Appellant.

_____

APPEAL FROM:     District Court of the Seventh Judicial District,
In and For the County of Prairie, Cause No. DC 11-02
Honorable Richard A. Simonton, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

          Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler,
Appellate Services Bureau Chief, Helena, Montana

          Gary Bunke, Prairie County Attorney; Joel Thompson, Ole Olson,
Special Deputy Prairie County Attorneys, Terry, Montana

_____

          Submitted on Briefs:  December 31, 2014
                  Decided:  January 27, 2015

Filed:



_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Edwin Allan Shearer was charged with Sexual Intercourse Without Consent, in violation of § 45-5-503(1), MCA, on September 20, 2011.  In July 2012 a jury trial was held, resulting in Shearer's conviction.  The underlying facts for this case are not at issue, and the only matter before this Court is whether the trial court properly exercised its discretion when denying one of Shearer's jury instructions in favor of the State's instruction.

¶3      During a final pretrial conference on July 18, 2012, Shearer's counsel submitted a proposed instruction stating a conviction required the State to prove Shearer had sexual intercourse with the victim, the sexual intercourse was without consent, and that Shearer "both (a) knew he was having sexual intercourse with [the victim] and (b) he knew that she did not consent to such intercourse."  The State objected, arguing the proposed instruction added an additional element to the offense requiring Shearer to know the victim had not consented to intercourse.  The District Court sustained the objection, instructing the jury that a conviction required proof of sexual intercourse with the victim, that the act of sexual intercourse was without consent, and that Shearer had acted knowingly.

¶4      A district court has broad discretion when instructing a jury.  *State v. Hall*, 2003 MT 253, ¶ 24, 317 Mont. 356, 77 P.3d 239.  We review a trial court's jury instructions to determine whether the instructions, as a whole, fully and fairly instruct the jury on the applicable law.  *State v. Swann*, 2007 MT 126, ¶ 32, 337 Mont. 326, 160 P.3d 511. Section 45-5-503(1), MCA, states a person who knowingly has sexual intercourse without consent with another person commits the offense of Sexual Intercourse

2

Without Consent.  The instruction given by the District Court fairly and accurately instructed the jury on the applicable law.

¶5      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issue in this case is one of judicial discretion, and there clearly was not an abuse of discretion.

¶6      Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON